## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL J. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-366-TLW |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Plaintiff Michael J. Anderson seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for social security disability benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), and 423. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. # 29). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

### INTRODUCTION

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## BACKGROUND

Plaintiff, then a 34-year old male, applied for Title II benefits on June 3, 2009. (R.112-13). Plaintiff alleged a disability onset date of January 1, 1997. Id. Plaintiff claimed that he was unable to work due to a number of mental impairments, including panic attacks, social anxiety disorder, and depression. (R. 126). Plaintiff's claim for benefits was denied initially on December 8, 2009, and on reconsideration on March 1, 2010. (R. 65-66). Plaintiff then requested a hearing before an administrative law judge ("ALJ"). (R.78). The ALJ held the hearing on December 16, 2010. (R. 23-64). The ALJ issued a decision on April 22, 2011, denying benefits and finding plaintiff not disabled because he was able to perform his past relevant work as a kitchen helper and janitor. (R. 6-22). The Appeals Council denied review, and plaintiff appealed. (R. 1-5).

**The ALJ's Decision**

The ALJ found that plaintiff had not performed any substantial gainful activity between his alleged disability onset date of January 1, 1997, through his last insured date of March 31, 2010. (R. 11). The ALJ found that plaintiff had the severe impairment of anxiety disorder. Id. Plaintiff's other impairments were either non-severe or not medically determinable. (R. 11-12). Under the "paragraph B" criteria, plaintiff had mild restrictions in activities of daily living;

moderate difficulties with social functioning and concentration, persistence, and pace; and no episodes of decompensation. (R. 12-13). Plaintiff's impairments did not meet or medically equal a listed impairment. (R. 12).

After reviewing plaintiff's testimony, the medical evidence, and other evidence in the record, the ALJ concluded that plaintiff could perform work at all exertional levels with the following limitations: to "perform simple tasks in a habituated work setting with superficial contact with co-workers, preferably in small groups rather than large groups, and no public contact." (R. 14). The ALJ then found that plaintiff's residual functional capacity permitted him to return to his past relevant work as a janitor or a kitchen helper, both unskilled medium jobs with an SVP of 2. (R. 18). Accordingly, the ALJ found at step four that plaintiff was not disabled.[2] Id.

## ANALYSIS

On appeal, plaintiff raises a number of issues. First, plaintiff argues that the ALJ failed to properly address the mental demands of plaintiff's past relevant work under Winfrey v. Chater, 92 F.3d 1017 (10th Cir. 1996). (Dkt. # 13). Next, plaintiff argues that the ALJ failed to make a proper determination that plaintiff could return to his past relevant work because the evidence did not establish that plaintiff engaged in substantial gainful employment. Id. Plaintiff then contends that the ALJ's hypothetical to the vocational expert during the hearing, not addressed in the decision, failed to match the residual functional capacity findings at step four. Id. Plaintiff also contends that the ALJ did not properly weigh the medical source opinions, including the

---

[2] The ALJ took testimony from a vocational expert about other work plaintiff could perform, and the vocational expert testified that plaintiff could perform a number of medium and light work jobs, including hand packer, dishwasher, and bench assembler. (R. 56). In the Court's experience, in cases where an ALJ determines that a claimant can return to past relevant work, the ALJ usually includes an alternative step five analysis. In this case, however, the ALJ did not include this step five evidence in his decision.

3

letter from the social worker finding plaintiff disabled, the consultative examining psychologist's opinion, and the agency physician's opinion. (Dkt. # 13) Finally, plaintiff contends that the ALJ did not perform a proper credibility assessment.

The Court finds no error in the ALJ's decision that warrants reversal, except that the ALJ erred in finding that plaintiff could return to his past relevant work because the evidence does not support a finding that plaintiff ever engaged in substantial gainful activity. The regulations define "past relevant work" as "work that you have done within the past 15 years that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). The regulations also provide a formula for establishing "substantial gainful activity." See 20 C.F.R. § 404.1574. In this case, the ALJ found at step two that plaintiff had not performed any substantial gainful activity since January 1, 1997. (R. 11). The ALJ then found at step four that plaintiff could return to his past relevant work as a janitor and kitchen helper, both jobs that plaintiff performed after January 1, 1997. (R. 33, 53, R. 114-25). These findings cannot be reconciled.

The Commissioner concedes that the ALJ erred in finding that plaintiff had past relevant work that he could perform, but he argues that the error is harmless because the ALJ heard testimony from the vocational expert that plaintiff could perform other work; therefore, the ALJ still would have found plaintiff not disabled. (Dkt. # 17). At a hearing on this matter, the Commissioner pointed out that the vocational expert's testimony established a number of other jobs that plaintiff could perform, in numbers exceeding 80,000 regionally, and that plaintiff accepted the vocational expert's qualifications to provide that testimony. (Dkt. # 27, Hearing, Michael Allen Moss); (R. 53, 56).

In the context of Social Security disability cases, the Tenth Circuit has established a harmless error analysis, by which the Court may excuse an ALJ's error and affirm the administrative decision. See Allen v. Barnhart, 357 F.3d. 1140 (10th Cir. 2004). That rule permits the Court

> to supply a missing dispositive finding under the rubric of harmless error in the right exception circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), [the Court] could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.

Allen, 357 F.3d at 1145 (declining to apply the rule when the ALJ's step five findings yielded only one job with low numbers statewide but acknowledging that the rule could apply). The Tenth Circuit has cautioned, however, that courts should apply harmless error "cautiously." Fischer-Ross v. Barnhart, 431 F.3d 729, 733-34 (10th Cir. 2005).

The Tenth Circuit has applied the harmless error rule in cases where the ALJ failed to discuss a piece of evidence or made erroneous findings at an earlier step in the sequential process. See, e.g., Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008) (holding that the ALJ's failure to apply the correct legal standard at step two was harmless because the ALJ proceeded to step three of the analysis); Seever v. Barnhart, 188 Fed.Appx. 747, 752 (10th Cir. 2006) (unpublished)[3] (finding the ALJ's failure to discuss a physician's findings regarding the claimant's ability to handle work pressure harmless error where the ALJ included that limitation in his hypothetical to the vocational expert). More recently, the Tenth Circuit found harmless error when the ALJ's failure to consider postural limitations was "proved inconsequential" by the ALJ's decision to limit plaintiff to sedentary work, which required no significant

---

[3] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

5

requirements to perform postural movements like crouching, kneeling, or balancing. Mays v. Colvin, 739 F.3d 569, 578-79 (10th Cir. 2014).

The Court finds the Commissioner's argument to be reasonable and somewhat persuasive because, in the Court's experience, the ALJ always accepts the testimony of the vocational expert. However, the Court interprets the rule to permit application of the harmless error analysis only to those steps that the ALJ considered, and, at least in the Tenth Circuit, that consideration is not measured by the evidence in the record but by the language in the ALJ's decision. The Court also relies on Martinez v. Astrue, 316 Fed.Appx. 819, 824 (10th Cir. 2009) (unpublished), in which an erroneous finding regarding past relevant work was harmless only because the ALJ conducted the step five analysis. Without that analysis, the harmless error rule is not applicable, and the Court must remand the case for further proceedings.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner finding plaintiff not disabled is **REVERSED AND REMANDED** for further proceedings. On remand, the ALJ should analyze whether, based on the record evidence and the vocational expert's testimony, plaintiff can perform other work. In light of the Court's conclusion, it need not address the remaining issues raised by plaintiff.

SO ORDERED this 18th day of February, 2014.

_____
T. Lane Wilson
United States Magistrate Judge